### In the Matter of Andrew CHONIS.
### No. C6–91–1150.
Supreme Court of Minnesota.

Dec. 27, 1991.

Donald R. Betzold, Brooklyn Center, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Kathy Meade Hebert, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Charles Todd, Rosemount, for Guardian ad Litem.

GARDEBRING, Justice.

We granted the petition for review filed by Andrew Chonis for the limited purpose of modifying an unpublished decision of the court of appeals affirming an order of the district court authorizing the Minnesota Security Hospital to continue administering a neuroleptic medication without further court order for two years. We reduce the duration of the order from two years to one year.

Mr. Chonis is a convicted sex offender whose present sentence will expire in 1997. He was committed to the Minnesota Security Hospital at St. Peter because he is mentally ill and dangerous. He has been receiving Haldol Decanoate (Haldol) in the amount of 75 milligrams every two weeks. The Haldol has helped relieve or diminish his delusions, hostility, and physical and sexual aggressiveness. The side effects he has experienced are a slowing of his speech and infrequent blinking, side effects not thought to be permanent.

Expert testimony supports the trial court's order authorizing the involuntary use of Haldol pursuant to *Jarvis v. Levine*, 418 N.W.2d 139 (Minn.1988).

An order pursuant to *Jarvis* is usually only for one year, not for a longer period. It is true that the orders usually are made with respect to people whose commitments by statute are reviewed every year. Mr. Chonis' commitment as men-

tally ill and dangerous is not a one-year commitment but an indefinite commitment.

However, our decision in *Jarvis*, which requires prior judicial approval for involuntary administration of neuroleptic medications, was not based on the commitment statutes but on our belief that the right to prior judicial review is necessary to protect the patient's rights under the Minnesota constitution. *Jarvis*, 418 N.W.2d at 147–49. We now make clear that the duration of any judicial order authorizing involuntary administration of neuroleptic medication pursuant to *Jarvis* is one year. Medical authorities seeking to treat a patient involuntarily with neuroleptic medications beyond the one-year maximum period initially authorized must obtain judicial review for each extension of up to one year.

The duration of the authorization in Mr. Chonis' case is therefore reduced from two years to one year.

Affirmed as modified.